UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GULSHANDEEP SINGH,<br><br>                    Petitioner,<br><br>v.<br><br>WARDEN OF THE IMPERIAL<br><br>REGIONAL DETENTION FACILITY, *et*<br><br>*al.*,<br><br>                    Respondents. | Case No.:  26-cv-1456-JO-MMP<br><br><br>**ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |

For the reasons stated at Dkt. 5, the Court GRANTS the habeas petition [Dkt. 1] and ORDERS as follows:

1. Respondents shall RELEASE Petitioner by 5 p.m. on March 26, 2026. Respondents shall file an affidavit attesting to Petitioner's release by 5 p.m. on the following business day.

2. The Court ENJOINS Respondents from redetaining Petitioner during the pendency of his removal proceedings without first providing a bond hearing before an immigration judge to justify the deprivation of his liberty interest. At any such hearing, the government must carry its burden of demonstrating, by

clear and convincing evidence, that Petitioner poses a danger to the public or a flight risk that warrants his detention.  *See Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011).  Respondents SHALL NOT deny Petitioner bond on the basis that 8 U.S.C. § 1225(b) requires or authorizes mandatory detention.  *See Pacheco v. LaRose*, No. 3:25-CV-2421-JO-AHG, 2026 WL 242300, *3–*5 (S.D. Cal. Jan. 29, 2026).  The immigration judge must consider Petitioner's financial circumstances and alternatives to bond as necessary in setting conditions of release.  *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3.  Respondents shall file a declaration attesting to full compliance with these obligations.  Respondents are ENJOINED from redetaining Petitioner **until 48 hours after** filing the declaration.

4.  The March 26, 2026 hearing is VACATED.

5.  The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 25, 2026

_____

Honorable Jinsook Ohta
United States District Judge

2

26-cv-1456-JO-MMP